Dear Judge Quinlan:
This office is in receipt of your request for an opinion of the Attorney General. Your question is whether the judges of the Criminal District Court can appoint an attorney to the position of magistrate commissioner who is over the age of seventy years.
R.S. 13:1347 provides for four offices of commissioner of the Criminal District Court for the Parish of Orleans for the magistrate section of said court. The statutes states that the persons appointed to the offices of commissioner "shall be known as commissioners and shall not be judges, but shall have the same qualifications, powers, duties, jurisdiction, and functions, all as is now or hereafter provided for the judge in the magistrate section of said criminal district court." R.S. 13:1346 states that the judge of the magistrate section shall have the rights, prerogatives, and qualifications as are now prescribed by the constitution and laws of this state relative to the judges of the Criminal District Court. Thus, the commissioners must have the same rights and qualifications as the judges of the Criminal District Court.
The qualifications for a judge of the Criminal District Court, and thus for the Magistrate and Commissioners, are the requirements of having been admitted to practice of law five years prior to election and having been domiciled in the respective district for two years preceding election, La. Const. 1974, Art. 5, Sec. 24. The qualifications do not refer to any age limit. As stated by the Supreme Court in Williams v. Ragland,567 So.2d 63 (La. 1990), the qualifications as provided by Section 24 are exclusive and the legislature or the courts cannot add to them. The court further observed that the mandatory retirement age should not be transposed or read into the qualifications for seeking judicial office. "The qualifications provisions, `does not contain a minimum or maximum age qualification-for-judge requirement." The court stated that the failure to make age a qualification may have been an oversight but it was not for the court to correct.
However, the commissioners are given the same duties, jurisdiction and power of the magistrates. It seems the question of age falls within this provision rather than the qualifications inasmuch as the district judges, and magistrates, and consequently, the commissioners are mandated by law to retire upon reaching the age of seventy years, R.S. 13:30. Consequently, an appointment of someone 70 years old would be futile since that person would simultaneously be required to retired.
Therefore, it must be concluded that the appointing judges should read the laws in pari materia and should not make an appointment of a person 70 years of age or older as a commissioner.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General